IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JOSEPH A. GAINES, | ) | |
| ELIZABETH J. GAINES, | ) | |
| | ) | |
| Plaintiffs, | ) | No. 05-2326 (ESH) |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| ELEANOR M. GLASS, | ) | |
| | ) | |
| Plaintiff, | ) | No. 05-2498 (ESH) |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| LAVERN KOERNER, | ) | |
| | ) | |
| Plaintiff, | ) | No. 065-24 (ESH) |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| EDWIN PIERCE, | ) | |
| | ) | |
| Plaintiff, | ) | No. 06-320 (ESH) |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## <u>UNITED STATES' OPPOSITION TO  PLAINTIFFS' RESPONSE</u><br><u>TO THE COURT'S SHOW-CAUSE ORDER</u>

These four cases are civil actions in which the *pro se* plaintiffs allege that the Internal Revenue Service (IRS) disregarded various provisions of the Internal Revenue Code, and seek damages under 26 U.S.C. § 7433.  The plaintiffs' response to the Court's February 27, 2007 order to show cause why the Court has subject-matter jurisdiction fails to demonstrate that the Court has jurisdiction.

## QUESTION PRESENTED

Plaintiff, LaVern Koerner, failed to respond to the Court's show-cause order before March 15, 2006 as required.  Should the Court dismiss her amended complaint?

Plaintiffs Joseph A. and Elizabeth Gaines, Eleanor Glass and Edwin Pierce, filed identical responses to the Court's show-cause order invoking the Court's "equitable jurisdiction."  Plaintiffs' suits seeking damages under section 7433 are actions "at law." Should the Court dismiss plaintiffs' complaints and amended complaints ?

## STATEMENT

1.  <u>Introduction & background</u>.  Plaintiff LaVern Koerner filed a complaint on January 6, 2006, and an amended complaint on January 30, 2006.  Her amended complaint seeks a "determination of the amount of damages"to which she is entitled. (Koerner Am. Compl. ¶ 32.)

Plaintiffs Joseph A. Gaines and Elizabeth J. Gaines filed their complaint on December 5, 2005, and an amended complaint on January 30, 2006.  Their amended

2

complaint seeks a "determination of the amount of damages" to which they are entitled. (Gaines Am. Compl. ¶ 32.)

Plaintiff Eleanor M. Glass filed a complaint on December 30, 2005, and an amended complaint on January 30, 2006. Her amended complaint seeks a "determination of the amount of damages" to which she is entitled. (Glass Am. Compl. ¶ 32.)

Plaintiff Edwin Pierce filed his complaint on February 23, 2006. He seeks an order requiring the Internal Revenue Service "to pay damages in accordance with section 7433." (Pierce Compl. ¶ 32.)

2.    <u>Response to the Court's show-cause order</u>.  On February 27, 2006, the Court issued an order for each plaintiff to "show cause on or before March 15, 2005, why this Court has subject matter jurisdiction; " to "explain how he or she has 'exhausted all administrative remedies;'" and to "attach all documentation reflecting the filing of a claim as described in 26 C.F.R. § 301.7433-1(e)(2)." (Order at 1.) The order also stated that if "plaintiff fails to respond in [a] timely manner and/or to provide a valid basis for jurisdiction, the Court will dismiss the matter without prejudice." (<u>Id</u>.)

Plaintiff LaVern Koerner failed to file a response to the Court's order. The other plaintiffs filed identical responses, asking the Court to exercise its "equity jurisdiction conferred in section 11 of the Judiciary Act of 1989, 1 Stat. 78," but failed to explain how they had exhausted their administrative remedies, and failed to attach any documentation reflecting the filing of a claim. (Responses at 1.)

3

ARGUMENT

I.

LAVERN KOERNER'S AMENDED COMPLAINT SHOULD BE DISMISSED..

LaVern Koerner's amended complaint should be dismissed because she failed to respond to the Court's show-cause order.  The order stated that the case would be dismissed if she failed to respond, and the Court should, therefore, dismiss it.

II.

THE OTHER PLAINTIFFS' COMPLAINTS/AMENDED COMPLAINTS SHOULD BE DISMISSED.

The other plaintiffs filed identical responses to the Court's show-cause order, but they failed to show that the Court has subject-matter jurisdiction.  Instead, they attempt to invoke the Court's equitable jurisdiction.  Each plaintiff is seeking damages under 26 U.S.C. § 7433.  "Damages remain today a remedy at law."  Sparrow v. Comm'r, 949 F.2d 434, 437 (D.D.C. 1991) (citing cases).  That being so, there is "'[n]o ground for equitable jurisdiction.'"  Id. (quoting Rice & Adams Corp. v. Lathrop, 278 U.S. 509, 513 (1929)).  Accordingly, since plaintiffs have claims for damages at law, their request for the Court to exercise its equitable jurisdiction should be denied, and their complaints/ amended complaints should be denied.1/

---

1/ The plaintiffs who filed a response also appear to attempt to challenge the validity of 26 C.F.R. § 301.7433-1.  Because, however, they have not shown any attempt to comply with 26 U.S.C. § 7433's requirement to "exhaust[] the administrative remedies available" to them, their possible claims of regulatory invalidity are not ripe for adjudication.

Beyond their ill-conceived request for the Court to exercise equity jurisdiction in a case at law, plaintiffs make to effort to demonstrate that they have, in fact, exhausted their administrative remedies.  Nor have they attached any documentation reflecting their efforts to exhaust their remedies.  Accordingly, plaintiffs have failed to demonstrate the existence of subject-matter jurisdiction.

CONCLUSION

Plaintiffs have not shown that this Court has subject-matter jurisdiction, as the Court's show-cause order required them to do.  Therefore, the Court should dismiss their complaints and amended complaints.

DATE: March 29, 2006.

Respectfully submitted,

/s/ Pat S. Genis
PAT S. GENIS, #446244
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC  20044
Telephone:  (202) 307-6390

OF COUNSEL:

KENNETH L. WAINSTEIN
United States Attorney

5

<u>CERTIFICATE OF SERVICE</u>

IT IS CERTIFIED that the foregoing UNITED STATES' OPPOSITION TO

PLAINTIFFS' RESPONSE TO THE COURT'S SHOW-CAUSE ORDER was caused to be

served upon plaintiffs *pro se* on March 29, 2006 by depositing a copy in the United

States' mail, postage prepaid, addressed as follows:

> Joseph A. Gaines
> Elizabeth J. Gaines
> 995 Roseberry Drive
> Las Vegas, NV 89138
>
> Eleanor M. Glass
> 600 Golondrina Drive
> Roswell, NM 88201
>
> LaVern Koerner
> 15251 S. 50th Street
> Phoenix, AZ 85044
>
> Edwin Pierce
> 8635 West Sahara
> Apartment 270
> Las Vega, NV 89117

/s/ Pat S. Genis
PAT S. GENIS, #446244

6