UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ELEANOR M. GLASS, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 05-2498 (ESH) |
| UNITED STATES, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Eleanor Glass filed a *pro se* complaint on December 30, 2005, alleging errors by the Internal Revenue Service ("IRS") "in connection with the collection of [a] federal tax" (Compl. ¶ 1), and seeking damages under 26 U.S.C. § 7433. An amended complaint was filed on January 31, 2006 ("Am. Compl."). For the reasons explained below, the Court finds that it lacks subject matter jurisdiction over plaintiff's complaint and dismisses the case without prejudice.

## BACKGROUND

Plaintiff's amended complaint alleges that "[b]eginning with 'tax year' 1994 . . . officers, agents, and/or employees of the Internal Revenue Service, in connection with the collection of federal tax[,] recklessly, intentionally or by reason of negligence" violated myriad provisions of the Internal Revenue Code and its accompanying regulations. (Am. Compl. ¶ 7.) Plaintiff sought damages for the alleged violations under 26 U.S.C. § 7433. (Am. Compl. ¶ 32.) Plaintiff's case is one of dozens of virtually identical *pro se* complaints recently filed in the U.S. District Court for the District of Columbia. At least two of these cases have previously been

dismissed by this Court for lack of subject matter jurisdiction owing to plaintiffs' failure to exhaust administrative remedies. *See, e.g., Henry v. United States*, No. 05-2084, Order (D.D.C. Feb. 27, 2006); *Scott v. United States*, No. 05-2043, Order (D.D.C. Feb. 27, 2006). Therefore, on February 27, 2006, the Court ordered plaintiff to show cause why jurisdiction over her claim was proper. *Gaines v. United States*, Order, 05-2326 (D.D.C. Feb. 27, 2006) ("Show Cause Order" or "Order"). As required for *pro se* litigants under *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988), the Court informed plaintiff that failure to respond could result in the Court dismissing the case. (Order at 2.) The Order instructed plaintiff to explain how she had "'exhausted all administrative remedies'" (Plaintiff's Affidavit ¶ 16), as required by 26 U.S.C. § 7433(d)(1) and 26 C.F.R. § 301.7433-1(a), (d), (e), and attach all documentation reflecting the filing of a claim as described in 26 C.F.R. § 301.7433-1(e)(2). The IRS filed a motion to dismiss on February 28, 2006. Plaintiff filed a response to the Show Cause Order on March 14, 2006 (Response to Order to Show Cause ("Pl.'s Resp.")), to which the IRS filed an opposition on March 29, 2006. (United States' Opposition to Plaintiff's Response to the Court's Show-Cause Order ("Def.'s Opp.").) After reviewing the filings of both parties, the Court finds that it lacks jurisdiction because plaintiff has failed to demonstrate compliance with the exhaustion requirements of the Internal Revenue Code and regulations promulgated pursuant thereto.

## ANALYSIS

Plaintiff argues that jurisdiction properly lies in this Court under 26 U.S.C. § 7433, which provides:

> If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards

2

>any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.

26 U.S.C. § 7433(a). With respect to exhaustion, the statute states that a "judgment for damages shall not be awarded under [§ 7433] unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service." *Id*. § 7433(d)(1).

The IRS has established by regulation the procedure by which a taxpayer may pursue a claim under section 7433. *See* 26 C.F.R. § 301.7433-1. These regulations make clear that an "action for damages filed in federal district court may not be maintained unless the taxpayer has filed an administrative claim pursuant to . . . this section." *Id*. § 301.7433-1(a). In order to properly file an administrative claim, a taxpayer must write to the "Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently resides." *Id*. § 301.7433-1(e)(1). The regulations spell out with specificity the information that must be provided to the Area Director, including, *inter alia*, the "grounds, in reasonable detail, for the claim;" a "description of the injuries incurred;" and the "dollar amount of the claim, including any damages that have not yet been incurred but which are reasonably foreseeable." *Id*. § 301.7433-1(e)(2)(ii) - (iv). The taxpayer is further required to provide any "substantiating documentation" supporting her claim. *Id*. A civil action in federal district court cannot be maintained until either the IRS rules on the claim, or six months pass without a decision by the IRS on a properly filed claim. *Id*. § 301.7433-1(d)(i)-(ii). Failure to comply with the regulation

deprives the federal district court of jurisdiction. *See Venen v. United States*, 38 F.3d 100, 103 (3d Cir. 1994); *McGuirl v. United States*, 360 F. Supp.2d 125, 128 (D.D.C. 2004).

In her complaint, plaintiff does no more than assert that she "may forego exhausting administrative remedies that are either futile or inadequate . . . or when agency action exceeds statutory authorization." (Compl. ¶ 6.) Plaintiff fails, however, to allege any facts that demonstrate futility or that the agency has exceeded its statutory authorization. *Cf. Cooper v. United States*, No. 05-1192, Order at 2, 3 n.2 (D.D.C. Dec. 8, 2005) (recognizing, in a virtually identical case ultimately dismissed for lack of venue, that plaintiff's failure to allege sufficient facts in support or to establish exhaustion doomed his § 7433 claim). Plaintiff alleges that she has " exhausted administrative remedies in that [she wrote] numerous requests for documents and authorities which require responses from the IRS," and that the "IRS has failed and/or refused to respond or has responded with frivolous responses." (Compl. ¶ 9.) As the IRS notes in its opposition, however, plaintiff has "not shown any attempt to comply with 26 U.S.C. § 7433's [exhaustion] requirement." (Def.'s Opp. at 4 n.1.)

Despite the Court's explicit directive to plaintiff to explain how she exhausted her administrative remedies and to provide "all documentation reflecting the filing of a claim as described" by the regulations (Show Cause Order at 2), plaintiff's response to defendant's motion provides no additional detail beyond that which had already been included in her complaint. Rather, plaintiff argues that the Court should exercise "equity" jurisdiction over her claim because "the administrative 'remedies' purportedly provided for – as implemented by regulation – are at best unavailable, and at worst, wholly inadequate." (Pl.'s Resp. at 6.) Plaintiff's argument is without merit. Plaintiff is not seeking an equitable remedy; she is seeking damages,

which "remain today a remedy at law." *Sparrow v. Comm'r*, 949 F.2d 434, 437 (D.C. Cir. 1991) (citing *Curtis v. Loether*, 415 U.S. 189 (1974)). As such, an exercise of discretionary equity jurisdiction would be inappropriate.[1]

Nor would it be appropriate for the court to waive the exhaustion requirement. The term "exhaustion" applies to "two distinct legal concepts." *Avocados Plus Inc. v. Veneman*, 370 F.3d 1243, 1247 (D.C. Cir. 2004). The first, known as "non-jurisdictional exhaustion," is a "judicially created doctrine" that the court may, under certain circumstances and "in its discretion, excuse." *Id*. The second, called "jurisdictional exhaustion," is a statutory "predicate to judicial review . . . rooted, not in prudential principles, but in Congress' power to control the jurisdiction of the federal courts." *Id.* (citing *E.E.O.C. v. Lutheran Soc. Servs.*, 186 F.3d 959, 963-64 (D.C. Cir. 1999)). "If the statute does mandate exhaustion, a court cannot excuse it." *Id*. at 1247-48 (citing *Shalala v. Ill. Council on Long Term Care, Inc.*, 529 U.S. 1, 13 (2000). Because courts "presume exhaustion is non-jurisdictional," *id*. at 1248, there must be "[s]weeping and direct statutory language indicating that there is no federal jurisdiction prior to exhaustion, or the exhaustion requirement is treated as an element of the underlying claim." *Weinberger v. Salfi*, 422 U.S. 749, 757 (1975). Here, the exhaustion requirement is jurisdictional. The relevant statute is unequivocal: a "judgment for damages shall not be awarded under [section 7433] unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service." 26 U.S.C. § 7433(d)(1). Several courts have "interpreted the exhaustion requirement as jurisdictional" in nature. *Bennett v. United States*,

---

[1] Indeed, were plaintiff to seek an equitable remedy, she might then have to overcome the restrictions of the Anti-Injunction Act, which provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court." 26 U.S.C. § 7421(a).

361 F. Supp.2d 510, 514 (W.D. Va. 2005); *see, e.g.*, *Conforte v. United States*, 979 F.2d 1375, 1377 (9th Cir. 1992); *Info. Res., Inc. v. United States*, 950 F.2d 1122, 1125-27 (5th Cir. 1992); *Simmons v. United States*, 875 F. Supp. 318, 319 (W.D. N.C. 1994); *Music Deli & Groceries, Inc. v. I.R.S.*, 781 F. Supp. 992, 997 (S.D. N.Y. 1991). Therefore, plaintiff's failure to introduce any evidence that she attempted to or did comply with the procedures for bringing an administrative claim, as provided for in 26 C.F.R. § 301.7433-1, deprives the Court of jurisdiction.

Even if the exhaustion requirement in this case were "non-jurisdictional" in nature, plaintiff would fare no better. A non-jurisdictional exhaustion requirement serves a variety of purposes. Among other things, "it preserves the autonomy of the administrative agency by allowing the agency to apply its expertise and to exercise its discretion," *Athlone Indus., Inc. v. Consumer Prod. Safety Comm'n*, 707 F.2d 1485, 1488 (citing *McKart v. United States*, 395 U.S. 185, 194 (1969)); it "promotes effective and efficient judicial review by ensuring that such review is of a fully developed factual record," *Randolph-Sheppard Vendors of Am. v. Weinberger*, 795 F.2d 90, 105 (D.C. Cir. 1986); *see also Athlone Indus.*, 707 F.2d at1488; and it gives "agencies the opportunity to correct their own errors." *Marine Mammal Conservancy, Inc. v. U.S. Dep't of Agric.*, 134 F.3d 409, 414 (D.C. Cir. 1998). Therefore, it is a "long settled rule of judicial administration that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 50-51 (1938). While courts have excused exhaustion when such a requirement "would be futile because of the certainty of an adverse decision," 3 K. Davis, Administrative Law Treatise § 20.07 (1958), this exception is limited to instances in which "the

6

litigant's interests in immediate judicial review outweigh the government's interests in the efficiency or administrative autonomy that the exhaustion doctrine is designed to further." *Avocados Plus*, 370 F.3d at 1247 (quoting *McCarthy v. Madigan*, 503 U.S. 140, 146 (1992)). Plaintiff has not demonstrated that she meets this high standard.

In the past, the exception has applied where "an administrative agency lacks, or believes itself to lack, jurisdiction to act [making] an adverse decision certain." *Randolph-Sheppard Vendors of Am. v. Weinberger*, 795 F.2d 90, 105 (D.C. Cir. 1986) (citing *Weinberger v. Wisenfeld*, 420 U.S. 636, 641 n.8 (1975)). "An adverse decision can also be certain if an agency has articulated a very clear position on the issue which it has demonstrated it would be unwilling to reconsider." *Id*. (citing *Etelson v. Office of Pers. Mgmt.*, 684 F.2d 918, 925 (D.C. Cir. 1982). The mere "probability of administrative denial" is insufficient to waive exhaustion. *Id*. at 106. Plaintiff has introduced no evidence that the agency has a "preconceived position on, or lacks jurisdiction over," her claim. *Id*. at 107.

Nor has plaintiff provided any evidence to support her claim that the administrative remedy is "inadequate." (Pl.'s Resp. at 6.) "The administrative process is inadequate where the agency has expressed a willingness to act, but the relief it will provide through its action will not be sufficient to right the wrong." *Randolph-Sheppard*, 795 F.2d at 107 (original emphasis omitted). Regulations promulgated by the IRS pursuant to 26 U.S.C. § 7433 permit a taxpayer to recover up to "$1,000,000 ($100,000 in the case of negligence)" in damages, fees and costs through the administrative process. 26 C.F.R. § 301.7433-1(a). Such relief is precisely the remedy sought in federal court in the instant case. Therefore the Court finds plaintiff's arguments that her administrative remedies are inadequate to be without merit.

## CONCLUSION

For the foregoing reasons, the Court finds that it lacks subject matter jurisdiction over plaintiff's claims because plaintiff has failed to exhaust her administrative remedies as required by 26 U.S.C. § 7433.  It is hereby **ORDERED** that the case be dismissed without prejudice.

                                                                                                                                                   s/
                                                  ELLEN SEGAL HUVELLE
                                                  United States District Judge

DATE:    March 31, 2006