**RECEIVED**

JUN 0 1 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| Eleanor M. Glass, ) | |
| ) | Case No: 1:05CV02498 ESH |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| UNITED STATES (Government), ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MOTION FOR RECONSIDERATION**

Pursuant to Rule 60(b)(4) Fed. R. Civ. P. plaintiff(s) hereby move(s) the Court for Reconsideration of the dismissal of the above-captioned case for lack of subject matter jurisdiction.

This motion is supported by the following:

In Turner v. United States, _ F. Supp.2d _, 2006 WL 1071852, *3-4 (D.D.C. 2006), the Court found that the issue of exhaustion of the administrative remedy is nonjurisdictional. Turner, slip op., 7, citing Arbaugh v. Y & H Corp., 126 S.Ct. 1235 (2006). In reaching that finding, the Court identified the issue of exhaustion of remedy as a threshold fact, noting that

> "[W]hen a threshold fact is contested, the identity of the factfinder may vary depending on whether the fact at issue relates to jurisdiction or to the merits of the claim; if the fact is jurisdictional, the trial judge may be authorized to resolve the factual dispute, *but disputes regarding predicate facts for the claim generally are*

*tried to a jury.*" (emphasis added)

Turner, slip op., 6, citing Arbaugh v. Y & H Corp., 126 S.Ct. 1235, at 1244.

The Court based its language on Arbaugh, which stated the issue more clearly:

"If satisfaction of an essential element of a claim is at issue, however, the jury is the proper trier of contested facts. Reeves v. Sanderson Plumbing Products, Inc., 530 U. S. 133 ."

In dismissing for lack of subject matter jurisdiction (in **contravention of Arbaugh**, the Court referenced, as a ground for exception, that an agency "has articulated a clear position that it has demonstrated it is unwilling to reconsider" Randolph-Sheppard Vendors of Am. v. Weinberger, 795 F.2d 90, 105 (D.C. Cir. 1986) (citing Etelson v. Office of Pers. Mgmt., 684 F.2d 918, 925 (D.C. Cir. 1982); in Turner, slip op., p. 3, the Court referenced bias as an additional ground for exception, *citing*: McCarthy v. Madigan, 503 U.S. 140, 146, opining that such threshold/predicate facts that should be left to a jury.

The McCarthy Court opined, at 148-9:

"This Court's precedents have recognized at least three broad sets of circumstances in which the interests of the individual weigh heavily against requiring administrative exhaustion*****Third, an administrative remedy may be inadequate where the administrative body is shown to be biased or has otherwise predetermined the issue before it. Gibson v. Berryhill, 411 U.S. at 575, n. 14; Houghton v. Shafer, 392 U.S. 639, 640 (1968) (in view of Attorney General's submission that the challenged rules of the prison were "validly and correctly applied to petitioner," requiring administrative review through a process culminating with the Attorney General "would be to demand a futile act"); Association of National Advertisers, Inc. v. FTC, 201 U.S. App.D.C. 165, 170-171, 627 F.2d 1151, 1156-1157 (1979) (bias of Federal Trade Commission chairman), cert. denied, 447 U.S. 921 (1980). See also Patsy v. Florida

International University, 634 F.2d 900, 912-913 (CA5 1981) (en banc) (administrative procedures must "not be used to harass or otherwise discourage those with legitimate claims"), rev'd on other grounds, Patsy v. Board of Regents of Florida, 457 U.S. 496 (1982)."

Whether the facts, related in the Verified Complaint, and as developed through discovery and trial, establish any intransigence of position or bias on the part of IRS is, as stated in the Turner Memorandum, for the jury to decide.

The McCarthy Court further stated, "where Congress has not clearly required exhaustion, sound judicial discretion governs." 503 U.S. at 144. Arbaugh elaborated, "when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character."

The Court has, since dismissal of the above-captioned action for lack of subject matter jurisdiction, found the statutory limitation nonjurisdictional. Turner, slip op., 7, following Arbaugh. All that is left is for the Court to recognize Arbaugh's example, "the jury is the proper trier of contested facts. Reeves v. Sanderson Plumbing Products, Inc., 530 U. S. 133 ," and let the jury decide.

Based upon **Arbaugh, and McCarthy**, the nonjurisdictional threshold/predicate facts regarding exhaustion of administrative remedies and the applicability of any exception to an exhaustion requirement should be for the jury.


Based upon the foregoing, Plaintiff respectfully asserts that the Court should Reconsider its dismissal, and, upon Reconsideration, reinstate the case.

Respectfully Submitted


Dated _____May 30_____, 2006

*Eleanor M. Glass* (signature)
Eleanor M. Glass
600 Golondrina Drive
Roswell

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the forgoing on:

Pat S Genis
U.S. Dept of Justice
P.O. Box 277
Washington D.C. 20044

Dated _____May 30_____, 2006

*Eleanor M Glass* (signature)
Eleanor M. Glass